Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1701 | DATE | 6/14/2001 |
| CASE TITLE | LUIS DOMINGUEZ vs. CITY OF WAUKEGAN | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss count II of plaintiff's complaint is granted. Status hearing held and continued to August 9, 2001 at 9:30 a.m.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 15 2001 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 JUN 14 PM 5:53 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUIS DOMINGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 1701 |
| v. ) | |
| ) | Judge John W. Darrah |
| CITY OF WAUKEGAN and POLICE OFFICER ) | |
| CRAIG SWAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
JUN 1 5 2001

Plaintiff, Luis Dominguez (Dominguez), filed a two-count complaint against defendants, the City of Waukegan (the City) and Police Officer Craig Swan (Swan). Count I alleges excessive force in violation of 42 U.S.C. § 1983; and Count II alleges state law claims of battery, *respondeat superior*, and indemnification. Before this Court is defendants' Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint are taken as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Claims that are barred by the applicable statute of limitations may be dismissed under a Rule 12(b)(6) analysis. *See Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 669 (7th Cir. 1998).

On or about May 20, 1999, Swan made a traffic stop of a vehicle driven by Dominguez. Swan took Dominguez into custody due to Dominguez's outstanding warrant for driving on a suspended/revoked driver's license. Dominguez was handcuffed and placed in the rear of Swan's police vehicle. Dominguez offered no resistence. During the drive to the Waukegan Police Station, Swan made racial and ethnic comments.

At the police station parking lot, Swan pulled Dominguez out of the police vehicle by Dominguez's hair. Swan forced Dominguez to the ground and punched and kicked Dominguez in the face. Swan then dragged Dominguez by his handcuffed hands across the paved parking lot into the booking area of the police station, where Swan threw Dominguez's head into a metal desk. At no time did Dominguez resist arrest. Swan's actions resulted in physical injuries to Dominguez.

Swan later alleged that Dominguez battered him and resisted arrest. Dominguez alleges Swan made these false accusations and complaints to justify Swan's treatment of Dominguez. On June 27, 2000, the Lake County State's Attorney dismissed all charges Swan alleged against Dominguez. On March 9, 2001, Dominguez filed the present suit.

Defendants move to dismiss the state law claims, arguing that such claims are barred by the one-year statute of limitations. Dominguez concedes a one-year statute of limitations applies to his state law claims but asks the court to toll the statute of limitations until the date that the Lake County State's Attorney dismissed the charges against Dominguez. Dominguez cites no authority permitting such tolling of the statute of limitations. Dominguez also argues that his failure to file the state law claims on time should be excused because they were not filed due to his previous attorney's culpable negligence.

Dominguez's state law claims are derived from the alleged beating that Swan inflicted upon

Dominguez on or about May 20, 1999. Therefore, any civil action brought against the City and its employee, Swan, must be commenced within one year from the date that the injury was received or the cause of action accrued. 745 ILCS 10/8-101. Here, the date the injury was received and the date the cause accrued was May 20, 1999. Therefore, Dominguez's state law claims had to be filed on or before May 20, 2000. The claims were not filed until March 9, 2001. Dominguez cannot rely on tolling the statute of limitations until the date the criminal proceedings against him were terminated for his state law claims of battery, *respondeat superior*, and indemnification, as such tolling applies to malicious prosecution. *See Randle v. City of Chicago*, 2000 WL 1536070 (N.D.Ill. Oct. 17, 2000) (finding plaintiff's assault and battery claim barred by one-year statute of limitations-- plaintiff could not toll the limitations period to the date the charges against him were terminated as applied to malicious prosecution claims); *Henry v. Ramos*, 1997 WL 610781 (N.D.Ill. Sept. 28, 1997 (rejecting argument to toll one-year statute of limitations period to that applied to malicious prosecution claims (the time charges are terminated) for an intentional infliction of emotion distress claim).

Furthermore, Dominguez's previous attorney's alleged negligence does not toll the statute of limitations. *See Wilkens v. Simon Brothers, Inc.*, 731 F.2d 462, 464 (7th Cir. 1984); *United States v. Schomig*, 2001 WL 477212 (N.D.Ill. Apr. 4, 2001).

For the reasons set forth above, defendants' Motion to Dismiss Count II of Plaintiff's Complaint is granted.

Dated: June 13 2001

JOHN W. DARRAH
United States District Judge

3